UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                              MDL CASE NO.: 8:05-MD-1656-T-27TBM

**CP SHIPS LTD.,**
**SECURITIES LITIGATION**
_____/

## ORDER

**BEFORE THE COURT** are: (1) Earl Downey's Objection (Dkt. 112); (2) Earl Downey's Motion to Intervene and for Limited Discovery (Dkt. 115), to which Lead Plaintiffs and Defendants have responded in opposition (Dkts. 119, 122); (3) Lead Plaintiffs' Motion to Approve Settlement (Dkt. 123); (4) Lead Plaintiffs' Corrected Motion for Attorney Fees and Reimbursement of Expenses (Dkt. 126); and (5) Lead Plaintiffs' Unopposed Motion for Approval of Supplemental Notice to the Class (Dkt. 132).

On January 2, 2008, the Eleventh Circuit Court of Appeals remanded this case on the parties' joint motion for the limited purpose of approving the parties' settlement agreement. (Dkt. 99). On March 10, 2008, the Court granted Lead Plaintiffs' Motion to Preliminarily Approve Settlement. (Dkt. 107). On June 11, 2008, this Court held the Final Approval hearing and heard argument from purported objector Earl Downey, Lead Plaintiffs, and Defendants. (Dkt. 133). Although the Court determined that Downey lacks standing to object and that his motion to intervene is properly denied, the parties have jointly agreed to provide a Supplemental Notice to the class members and to reschedule the final approval hearing.

1.   *Earl Downey's Objection (Dkt. 112)*

For the reasons stated at the hearing, Earl Downey lacks standing to object to the proposed

1

settlement in this case. Downey is a plaintiff in a parallel purported class action filed in British Columbia, Canada against Defendants. Downey admits that he is not a class member in the instant case, as he is a Canadian citizen who purchased CP Ships shares on a foreign stock exchange and is therefore specifically excluded from the class. (Dkt. 107 at 1). Pursuant to the plain language of Rule 23 of the Federal Rules of Civil Procedure, only "class members" may object to a proposed class action settlement. Fed. R. Civ. P. 23(e)(5); *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals.").

Even were this Court to engage in a more expansive interpretation of Rule 23, each of the cases on which Downey bases his request for standing are clearly distinguishable. For instance, in *Great Neck*, the district court allowed non-class members to object to a proposed settlement because the language of the settlement release was broad enough to extinguish the objector's separate claims. *Great Neck Capital Appreciation Inv. P'ship, L.P. v. PricewaterhouseCoopers, L.L.P*, 212 F.R.D. 400, 406 (E.D. Wis. 2002). This is not the case here, as Downey's claims were specifically preserved by virtue of his exclusion from the class. Similarly, the Tenth Circuit Court of Appeals case on which Downey relies permitted non-settling defendants to object to a proposed settlement that interfered with their contribution and indemnity rights, another circumstance not present here. *See New England Health Care Employees Pension Fund*, 512 F.3d 1283, 1288-1289 (10th Cir. 2008); *see also In Re Beef Ind. Antitrust Litig.*, 607 F.2d 167, 172 (5th Cir. 1979) (non-settling defendants do not have standing to object to settlement).

Based on the foregoing, the Court finds that Downey lacks standing to object to the proposed settlement in the instant case. The proper procedural vehicle by which Downey may seek to be heard

is instead a motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. *Gould*, 883 F.2d at 284.

### 2. *Earl Downey's Motion to Intervene and for Limited Discovery (Dkt. 115)*

For the reasons stated at the hearing, Downey's motion to intervene is denied on two grounds: (1) the motion is untimely; and (2) Downey has failed to identify any recognized interest in this case sufficient to justify intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure.

In assessing the timeliness of the motion, the Court considers:

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Campbell v. Hall-Mark Elecs. Corp.*, 808 F.2d 775, 777 (11th Cir. 1987).

As stated at the hearing, Downey should have known of his purported interest in this case on January 2, 2008, when this case was remanded by the Eleventh Circuit Court of Appeals for the express purpose of approving the parties' settlement. (Dkt. 99). At the latest, Downey should have known of his purported interest on February 20, 2008, when Lead Plaintiffs filed their Motion to Approve Settlement. (Dkt. 105). Downey knew of the scope of the proposed class when this action was filed, and his counsel participated in settlement discussions with the parties in this action. Under these circumstances, Downey was not permitted to wait to intervene until "until he [was] actually informed of the particular remedy which the settling parties seek to employ." *Campbell*, 808 F.2d at 777-78.

Nonetheless, Plaintiff filed the instant motion on May 14, 2008, almost three months after it became immediately apparent that the settlement overlapped with his purported interest in this

3

action. Downey's delay in seeking to intervene prejudiced the parties, as it has effectively delayed settlement. *See id.* at 779. By contrast, there is no prejudice to Downey by the denial of this motion to intervene, as he "certainly may continue to litigate his own case." *See id.* In addition, there are no unusual circumstances militating in favor of Downey's intervention. Accordingly, the Court finds that Downey's motion to intervene is due to be denied as untimely.

Even assuming that the motion to intervene is considered timely, however, Downey has failed to demonstrate entitlement to either intervention as a matter of right or to permissive intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure.

In order to intervene as a matter of right, Downey must demonstrate a "direct, substantial and legally protectable" interest. *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir. 2002). Downey has identified two purported interests: (1) the settlement in this action could decrease the size of any future class in his Canadian action, for which he claims he is a fiduciary; and (2) the proposed $1.3 million settlement in this action could decrease the amount of Defendants' insurance proceeds available to pay a settlement in the Canadian actions.

Downey provides no authority supporting the theory that he is a fiduciary of an uncertified class in Canada. Even if he were, Downey's interest in maximizing the scope of the Canadian class in his parallel litigation is not sufficient to justify intervention in this case. Under both Rule 24(a) and Rule 24(b), "the plain language of Rule 24 requires the intervenor's interest to be based *on the action pending before the court.*" *In Re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d at 1233, 1246 (11th Cir. 2006) (emphasis added). The Eleventh Circuit has specifically held that an intervenor may not enter an action solely based on what he perceives as an impairment to its ability to litigate his parallel case in another forum. *Id.* at 1247-48. Moreover, as noted above, the outcome of this action

will have no legal impact on Downey, who is not a class member. *Id.*

As to Downey's purported interest in Defendants' insurance proceeds, it is well-settled that "a legally protectable interest is something more than an economic interest." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (internal quotations omitted). In *Mt. Hawley*, the Eleventh Circuit specifically held that the purported intervenor's interest in the availability of a "pool or fund from which to recover his damages" did not constitute a legally protected interest, sufficient to justify intervention pursuant to Rule 24(a). *Id.* at 1311. This Court also declines to allow permissive intervention under this theory based on common questions of law and fact, as Downey's claims are brought pursuant to Canadian law, not United States' securities law, and more importantly, any intervention will "unduly prejudice the adjudication of the rights of the original parties." *Id.* at 1312.

Based on the foregoing, Downey's motion to intervene is denied.

**3.**     ***Lead Plaintiffs' Unopposed Motion for Approval of Supplemental Notice to the Class (Dkt. 132)***

During the June 11, 2008 hearing, Lead Plaintiffs made an *ore tenus* motion to issue a Supplemental Notice to all class members. Lead Plaintiffs thereafter filed the instant motion to approve the proposed Supplemental Notice. The Court finds that the Supplemental Notice provides "the best notice practicable under the circumstances" and contains information "that a reasonable person would consider to be material in making an informed intelligent decision of whether to opt out or remain a member of the class." *In Re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104-05 (5th Cir. 1977) (internal quotations omitted).

Due to the significant changes in the Supplemental Notice, however, including references

5

to the Canadian litigation, a change in the expected per share recovery, and the availability of the notice in a French translation, the Court finds that class members must be given an additional opportunity to object to the proposed settlement and to submit proofs of claim. Accordingly, within ten (10) days of the date of this Order, the parties shall file a proposed Order which shall contain a timetable for: publication of the Supplemental Notice, submission of objections, requests for exclusions, and proofs of claim, and a final approval hearing, consistent with the timetable approved in the March 10, 2008 Order Preliminarily Approving Settlement (Dkt. 107).

*Conclusion*

Upon consideration, it is **ORDERED AND ADJUDGED**:

1) Earl Downey's Motion to Intervene and for Limited Discovery (Dkt. 115) is **DENIED**.

2) Lead Plaintiffs' Motion to Approve Settlement (Dkt. 123) and Lead Plaintiffs' Motion for Attorney Fees and Reimbursement of Expenses (Dkt. 126) are **DENIED WITHOUT PREJUDICE**.

3) Lead Plaintiffs' Unopposed Motion for Approval of Supplemental Notice to the Class (Dkt. 132) is **GRANTED**. Within **ten (10) days** of the date of this Order, the parties shall file a proposed Order which shall contain a timetable for: publication of the Supplemental Notice, submission of objections, requests for exclusions, and proofs of claim, and a final approval hearing, consistent with the timetable approved in the March 10, 2008 Order Preliminarily Approving Settlement (Dkt. 107).

**DONE AND ORDERED** in chambers this 18th day of June, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel/Parties of Record