UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE CP SHIPS LTD. SECURITIES
LITIGATION

Case No. 8:05-MD-1656-T-27TBM

_____/

## FINAL ORDER AND JUDGMENT

The Stipulation and Agreement of Settlement dated February 20, 2008 (the "Stipulation"), of the above-captioned consolidated civil action (the "Action"), having been presented at the Final Hearing on October 2, 2008, pursuant to the Order Preliminarily Approving Settlement entered herein on March 10, 2008 (the "Preliminary Approval Order"), which Stipulation was joined and consented to by Lead Plaintiffs Jack Mayer, Beatrice Mayer, William Racht, Arlan Marshall and Shaun N. Rai (collectively, "Lead Plaintiffs") and defendants CP Ships Ltd. ("CP Ships" or the "Company"), Ray Miles, Frank Halliwell and Ian Webber (collectively the "Defendants") (together Lead Plaintiffs and the Defendants are referred to as the "Parties") and which (along with the defined terms therein) is incorporated herein by reference.

The Court, having determined that notice of said hearing was given in accordance with the Preliminary Approval Order to members of the Class as certified by the Court in the Preliminary Approval Order, and that said notice was the best notice practicable and was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Stipulation and the settlement of the Action as between Lead Plaintiffs and the Defendants provided therein (the "Settlement"); and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court; it is hereby **ORDERED AND ADJUDGED**:

1. The Court, for purposes of this Final Order and Judgment, adopts all defined terms as set forth in the Stipulation.

2. The Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") and the Supplemental Notice of Pendency of Class Action and Proposed Settlement (the "Supplemental Notice") has been given to the Class (as defined hereinafter), pursuant to and in the manner directed by the Preliminary Approval Order and the subsequent June 30, 2008 Order (Dkt. 136), proof of the mailing of the Notice and the Supplemental Notice was filed with the Court by Lead Counsel, and full opportunity to be heard has been offered to all Parties, the Class (as defined below), and persons and entities in interest. The form and manner of the Notice and the Supplemental Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of FED. R. CIV. P. 23, and it is further determined that all members of the Class (as defined below) are bound by the Final Order and Judgment herein.

3. Each of the provisions of Fed. R. Civ. P. 23 has been satisfied and the Action has been properly maintained according to the provisions of Rules 23(a) and 23(b)(3). Specifically, this Court finds, for purposes of settlement only, that (a) the Class (as defined below) is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class (as defined below); (c) the claims of Lead Plaintiffs are typical of the claims of the Class (as defined below); (d) Lead Plaintiffs and their counsel have

fairly and adequately protected the interests of the Class (as defined below); (e) the questions of law and fact common to members of the Class (as defined below) predominate over any questions affecting only individual members of the Class (as defined below); and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Action is hereby certified as a class action for purposes of settlement only pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of a class composed of all those who purchased or otherwise acquired the Securities of CP Ships between January 29, 2003 and August 9, 2004, inclusive ("Class Period"), except for Canadian citizens who purchased the shares of CP Ships on Canadian exchanges during the Class Period (the "Class"). Excluded from the Class are Defendants, the officers and directors of CP Ships, at all relevant times, members of their immediate families and the legal representatives, heirs, successors or assigns of any Defendant and any entity in which any Defendant has or had a controlling interest. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class, as listed on Exhibit 1 annexed hereto.

5. As set forth by contemporaneous Order, the Settlement, and all transactions preparatory or incident thereto, is found to be fair, reasonable, adequate, and in the best interests of the Class, and it is hereby approved. The Parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions; and

the Clerk of this Court is directed to enter and docket this Final Order and Judgment in the Action.

6. The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against any and all of the Defendants.

7. As used in this Final Order and Judgment, the terms "Settled Claims," "Released Parties," "Settled Defendants' Claims," and "Unknown Claims" shall have the meanings as provided in the Stipulation, and specified below:

(a) "Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in this Action by Plaintiffs and/or the Class members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by Plaintiffs and/or the Class members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Consolidated Amended Class Action Complaint and relate to the purchase, acquisition, retention, or sale of the Securities of CP Ships during the Class Period.

(b) "Released Parties" means Defendants and the current and former officers, directors, partners, members, parents, subsidiaries, affiliates, employees, agents, attorneys, insurers (including the Insurer), representatives, heirs, successors in interest and assigns of any Defendant.

(c) "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any

other law, rule or regulation, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against Lead Plaintiffs, any Class member, Lead Counsel, or any Plaintiffs' Counsel, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

    (d)    "Unknown Claims" means any and all Settled Claims which Lead Plaintiffs or any Class member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Parties shall expressly waive, and each Class member shall be deemed to have waived, and by operation of the Final Order and Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties are aware that they may, after the date of the Stipulation, discover claims or facts in addition to or different from those they now know or believe to be true with respect to the Settled Claims. Nevertheless, it is the intention of the Parties as of the date hereof to fully, finally and forever settle and release all Settled Claims as to all Released Parties, including existing claims for damages and losses that are presently unknown or unanticipated. In furtherance of this intention, the releases given in the Stipulation are and will remain in effect as full and complete mutual release

of Settled Claims as to all Released Parties, notwithstanding the discovery or existence of any additional or different facts relative to then. Each Party assumes the risk of any mistake in executing the Stipulation and furnishing the releases set forth in the Stipulation. The Parties acknowledge, and the Class members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

8. Upon the Effective Date of this Settlement, Lead Plaintiffs and members of the Class on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, and any persons they represent, shall, with respect to each and every Settled Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Settled Claims against any of the Released Parties.

9. Upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and their successors and assigns, shall also release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

10. This Final Order and Judgment, the Stipulation and all negotiations, statements, and proceedings in connection herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Lead Plaintiffs, any Defendant, any member of the Class, or any other person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and settlement contemplated

hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any member of the Class, or any other person, has or has not suffered any damage.

11. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Stipulation.

12. The Court finds that all Parties and their counsel have complied with each requirement of the PSLRA and Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. The Court finds that all Persons within the definition of the Class have been adequately provided with an opportunity to remove themselves from the Settlement by executing and returning a "request for exclusion" in conformity with the terms of the Stipulation. All Persons who have requested exclusion from this Settlement in the manner described in the Notice are not bound by this Final Order and Judgment. All Persons who have opted out of this Action are identified on Exhibit 1 hereto.

14. Only those Class members filing valid Proof of Claim and Release forms ("Proofs of Claim") shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Class members shall further release all Settled Claims against the Released Parties. All Class members shall, as of the Effective

Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

15. No Authorized Claimant shall have any claim against Lead Counsel, the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Authorized Claimant shall have any claim against the Defendants, Defendants' Counsel or any of the Released Parties with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the Escrow Account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class members.

16. Lead Counsel are hereby awarded attorneys' fees of 22.5% of the Settlement Fund and reimbursement of expenses in the amount of $109,821.69, plus interest on both amounts. The above amounts shall be paid to Lead Counsel pursuant to the terms of the Stipulation. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion and sole discretion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

17. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a. the Settlement has created a fund of $1,300,000 in cash, plus interest thereon, and that numerous Class members who submit acceptable Proofs of Claim will benefit from the Settlement created by Lead Counsel;

Over 34,000 copies of the Notice and Supplemental Notice were disseminated to putative Class members indicating that Lead Counsel were moving for attorneys' fees in the amount of up to 25% of the Settlement Fund and for reimbursement of expenses in an amount not to exceed $150,000, and only two objections in total were filed against the terms of the proposed Settlement and no objections were filed against the ceiling on the fees and expenses requested by Lead Counsel contained in the Notice;

b. This Action involved numerous difficult issues related to liability and damages;

c. Lead Counsel achieved this Settlement with skill, perseverance, and diligent advocacy for the Class;

d. Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

e. Lead Counsel have devoted over 2,900 hours, with a lodestar value of over $1.3 million, to achieve the Settlement;

f. Lead Counsel pursued this Action on a contingent basis;

g. Lead Counsel's request of 22.5% of the Settlement Fund in attorneys' fees is consistent with awards in similarly complex cases in this jurisdiction; and

h. This Settlement was negotiated at arm's-length, and no evidence of fraud or collusion has been presented.

13. In the event that the Settlement fails to become effective in accordance with its terms, or if this Final Order and Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if

any party elects to terminate the Settlement), this Final Order and Judgment (except this Paragraph) shall be null and void, the Settlement, except for ¶¶12, 13, 34, 37 and 39 of the Stipulation, shall be deemed terminated, and the Parties shall return to their pre-settlement positions as provided for in the Settlement, except that (i) any modifications, reversal, or vacation of the award of attorneys' fees and expenses to Lead Counsel on appeal or in any further motions in this Court shall in no way disturb or affect any other part of this Final Order and Judgment, and (ii) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Final Order and Judgment.

14. Without affecting the finality of this Final Order and Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Lead Plaintiffs, the Class, and the Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Final Order and Judgment; (2) hearing and determining any application by Lead Counsel for an award of attorneys' fees, costs, and expenses if such determination is not made at the final hearing; and (3) supervising the distribution of the Settlement Fund.

**DONE AND ORDERED** in chambers this 21st day of October, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Eleventh Circuit Court of Appeals