UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                                          MDL CASE NO.: 8:05-MD-1656-T-27TBM

CP SHIPS LTD.,
SECURITIES LITIGATION
_____/

## ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND

**BEFORE THE COURT** is Lead Plaintiffs Jack Mayer, Beatrice Mayer, William Racht, Arlan Marshall and Shaun N. Rai's Unopposed Motion for Distribution of Net Settlement Fund (Dkt. 158). Upon consideration of the motion, the Joint Declaration of Michael K. Yarnoff and Daniel S. Sommers (Dkt. 159), and the Affidavit of Michelle M. La Count, Esq. (Dkt. 160), and pursuant to Fed. R. Civ. P. 23(e), the motion (Dkt. 158) is **GRANTED**. Accordingly, it is **ORDERED**:

1) The administrative determinations of A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data") accepting the claims as indicated on the computer printout of accepted claims submitted and described in the La Count Affidavit, calculated under the proposed Plan of Allocation set forth in the Notice, including claims submitted after the Court-extended claims filing deadline of November 13, 2008, are approved and the claims are accepted.

2) Payment shall be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any.

3) A.B. Data shall be paid the sum of $187,182.36 from the Settlement Fund as payment for the balance of its fees and expenses incurred and to be incurred in connection with the

1

administration of the Settlement, including, *inter alia*: disseminating notice and supplemental notice to the Class, translating notice documents into French, processing the Proofs of Claim received, working with claimants to cure deficiencies in the Proofs of Claim submitted, administering the Settlement Fund, preparing tax returns for the Settlement Fund, and preparing for the distribution of the settlement proceeds to the Class.

4) The balance of the Settlement Fund after deducting payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants listed on the computer printout submitted with the La Count Affidavit under the proposed Plan of Allocation in proportion to each Authorized Claimant's Recognized Loss as compared to the total Recognized Losses of all accepted claimants as shown on such printout.

5) Claimants whose *pro rata* share of the Net Settlement Fund is determined to be less than $10.00 shall be excluded from the distribution.

6) Checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Lead Counsel and A.B. Data are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

7) If, following the initial distribution, any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, Lead Counsel shall move the Court for an order authorizing either a second distribution to the Authorized Claimants, if such distribution is determined to be economically feasible, or, if such second distribution is determined not to be

economically feasible, the donation of any remaining funds to a 503(c) charity chosen by Lead Counsel and approved by the Court.

8) The administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation. All persons involved in the review, verification, calculation, tabulation or other aspects of the processing of the claims submitted herein or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from claims arising out of such involvement, and Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

9) A.B. Data is authorized to destroy paper copies of Proofs of Claim and supporting documents not less than one (1) year after the final distribution of the Net Settlement Fund and to destroy electronic copies of the same not less than three (3) years after the final distribution of the Net Settlement Fund.

10) Claims submitted after October 13, 2010 may be accepted only for excusable neglect on the part of the claimant, as determined by Lead Counsel.

**DONE AND ORDERED** in chambers this __15th__ day of December, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel/Parties of Record

3